UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE:<br><br>BERNARD WEBB and<br>JUDY WEBB,<br><br>      Debtors. | CASE NO. 3:15-bk-30498<br><br>CHAPTER 7<br><br><br>JUDGE FRANK W. VOLK |
|---|---|

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion for Relief from Automatic Stay ("motion for relief from stay") filed by City National Bank of West Virginia ("City National") [Dckt. 20]. The Court **GRANTS** the motion for relief from stay.

**I.**

On June 10, 2014, Debtors Bernard and Judy Webb instituted an action in the Circuit Court of Wayne County respecting a debt owed to City National. On June 30, 2015, the parties reached a settlement, which obliged the Webbs to, *inter alia,* sign a new promissory note and deed of trust. The Webbs retained new counsel and declined to comply with the settlement terms. On October 12, 2015, City National moved to enforce the settlement agreement.

On November 24, 2015, the circuit court granted the motion. The Webbs were directed to execute the new promissory note and deed of trust. On that same date, the Webbs petitioned for relief under Chapter 7 of the Bankruptcy Code. The Webbs schedules did not list an obligation to City National inasmuch as they had not yet signed the aforementioned loan documents in accordance with the parties' settlement of the circuit court action. After City National raised the issue, the Webbs amended their schedules. They asserted that the settlement

agreement was an executory contract susceptible to rejection. On March 9, 2016, the Court held a hearing on the motion for relief from stay. The Court granted stay relief and, that same day, City National uploaded a thorough proposed order. On March 21, 2016, the Webbs objected to the form of City National's proposed order.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue lies here pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

**A.    Governing Standards**

A title 11 petition triggers what Congress referred to as an "[a]utomatic stay" under 11 U.S.C. § 362(a). 11 U.S.C. § 362. The stay bars creditors from "collection activity for the duration of the proceeding . . . ." *Tidewater Finance Co. v. Williams*, 498 F.3d 249, 252 (4th Cir. 2007); *see Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir. 1994). The automatic stay provides protection against, *inter alia*, the following:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate . . . .

11 U.S.C. § 362(a)(1)-(4).

There are, however, statutory mechanisms available for relief from the automatic stay. Section 362 provides pertinently as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C.A. § 362.

The Code does not define "cause." Congress left the matter to the court, which is charged with "determin[ing] when discretionary relief is appropriate on a case-by-case basis." *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994). And that determination should be made expeditiously, with a minimum amount of fuss. *Estate Const. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 219 (4th Cir. 1994) ("Hearings to determine whether the stay should be lifted are meant to be summary in character."); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994) (noting a stay lift matter does not "involve full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate.").

In determining whether relief should be granted, courts "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *In re White*, 410 B.R. 195, 200 (Bankr. W.D.Va. 2008) (quoting *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) *as amended* (May 27, 1992)(internal quotation marks omitted)). In this particular setting, where the question is whether to authorize the resuscitation of prepetition state litigation, the inquiry is guided by the following factors: "(1) whether the issues in the pending litigation involve only state law, so the expertise of

the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). Other courts have considered additional factors, as follows: "(i) Whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit; (ii) Whether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and (iii) Whether the creditor has a probability of prevailing on the merits." *In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 548 (Bankr. D. Del. 2016); *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991); Bankruptcy Law Manual § 7:53 (5th ed. 2015); *see also* H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977) ("[I]t will often be more appropriate to permit proceedings to continue in their place of origin [under § 362(d)(1)], when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.").

B.     Analysis

The issues in the circuit court involve purely state law questions of contract and settlement enforcement. Permitting the circuit court to proceed on the narrow grounds identified will surely promote judicial economy, relieving the undersigned from perhaps having to adjudicate the matter anew in the event the parties determined how to properly bring and frame it in this tribunal. Additionally, given the narrow relief sought, the Webbs have not demonstrated that great

prejudice will redound to their or the estate's detriment if the state litigation continues for the limited purpose sought by City National.  Foremost, there is no judgment that City National is seeking to enforce against either the Webbs' or the estate's property.  Additionally, there is presently no indebtedness that could support a lien against such property.  Also, the hardship to City National by maintenance of the stay considerably outweighs the hardship to the Webbs.  City National seeks only to compel the Webbs to follow through with their putative settlement obligations.  It appears the circuit court was poised to grant that very relief.  Finally, respecting the merits, it appears all but certain that City National will prevail according to the undisputed facts.  Assuming the circuit court had not entered its order prior to imposition of the stay, it need only take that action that it apparently already contemplated.  Disposition of that matter, however, is left of course to the circuit court.

The Court has considered each of the Webbs' contentions against the proposed stay lift.  The strongest of those arguments is that the settlement agreement is an executory contract subject to rejection.  When one considers that there was nothing further for City National to do other than passively receive the signed note and deed of trust executed by the Webbs, however, the argument is quickly dispatched.

In sum, termination of the state action is inbound, and the circuit court ought to be permitted to land it.  The Court, accordingly, concludes that City National has demonstrated "cause" under Section 362(d)(1) to lift the automatic stay.  The Court **GRANTS** City National's motion for relief from stay.  The proceedings before the Circuit Court of Wayne County in *Bernard Webb and Judy Webb v. City National Bank of West Virginia, N.A.*, Civil Action No. 14-C-117, may proceed for the limited purpose sought by City National.  It is **ORDERED** that the provisions

5

of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are waived and this Memorandum Opinion and Order is fully effective upon entry.

ENTER: May 4, 2016

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia